[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 05-17236
Non-Argument Calendar

_____

D.C. Docket No. 05-00100-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM DE JESUS MARIN.

Defendant-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 14, 2006)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Abraham De Jesus Marin ("Marin") appeals his 135-month sentence

imposed for possession with intent to distribute five kilograms or more of cocaine

while on board a vessel subject to the jurisdiction of the United States, in violation

of 46 App. U.S.C. §§ 1903(a), (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  We AFFIRM.

## I.  BACKGROUND

Marin, along with three other defendants, was indicted on two counts for crimes connected to possession and conspiracy to posses cocaine while on board a vessel subject to United States jurisdiction.  R1-1.  He plead guilty to both counts without a plea agreement.  R1-54, R1-69.

On 27 February 2005, the United States Coast Guard detected and pursued a go-fast vessel on international waters in the Caribbean Sea.  R1-35 at 3.  While fleeing at a high rate of speed, the go-fast vessel's occupants dumped bales of cocaine overboard.  Id.  Ultimately, the Coast Guard shot out the vessel's engine to end the pursuit.  Id.  The Coast Guard boarded the vessel and recovered 48 bales of cocaine, weighing "at least 1,200 kilograms."  Id. at 3-4.  The Coast Guard arrested the vessel's four occupants, one of whom was Marin.  Although none of the vessel's occupants admitted to being the captain, it was later determined that one of them, Juan Pablo Castro, was the vessel's captain.  Id. at 3.

Based on the amount of cocaine found in the vessel, the probation officer assigned Marin a base offense level of 38, a two-level safety-valve reduction, and a three-level acceptance of responsibility reduction for a total offense level of 33. Marin, with no criminal history points, was assigned a criminal history category of I, resulting in a guideline imprisonment range of 135-168 months. R2-9.

Marin objected that he should have received a minor or minimal role reduction, because he was not an organizer, manager, or supervisor of the charged criminal activity and his "role in this offense compared to his other co-defendants is minimal at best and minor at the least." R1-72 at 8; R2 at 5-8. Marin stated that he was entitled to such a reduction because: (1) he did not plan the trip; (2) he was not paid for the drug shipment; (3) he did not have a financial interest in the drugs; and (4) he was unaware of the delivery plans for the drugs. R1-72 at 6; R2 at 7. At the sentencing hearing, Marin emphasized that he was only one small piece of a much larger conspiracy. R2 at 6-7. In support of mitigation, Marin presented information about his impoverished background, his sick mother, his children, and his lack of a criminal background. Id. at 10-15. Marin also spoke directly to the district court and asked for forgiveness. Id. at 17. The government responded to Marin's reduction request that he had failed in his responsibility to

show that he was less culpable than most other participants, but made no argument concerning Marin's mitigation evidence.

The district court overruled Marin's objection and found that he was as culpable as his fellow crew members, and adopted the probation officer's findings of fact and suggested guideline range. R2 at 8-9. After Marin's presentation of mitigation information and request for forgiveness, the district court noted that Marin had attempted to harm families in the United States. Id. at 17-18. The district court told Marin that it "underst[ood his] poverty and . . . need" but commented that he would "have to find some other legitimate way to support" his family. Id. at 18. The district court stated that it had considered the parties' statements, the guidelines, and the § 3553(a) factors and sentenced Marin to concurrent prison sentences of 135 months and concurrent five years on supervised release. Id. at 19-20.

On appeal, Marin presents two issues: (1) whether the district court clearly erred in finding that Marin was not entitled to a minimal or minor role reduction; and (2) whether the district court imposed an unreasonable sentence on Marin.

## II. DISCUSSION

A. Minimal or Minor Role Reduction

Marin argues that the district court clearly erred in denying him a minimal or minor participant reduction. Marin argues that because his role was limited to one shipment and not to the larger drug distribution conspiracy, he is less culpable than most other participants. Acknowledging that the court must consider Marin's role in relation to the relevant conduct used to calculate his base offense level, Marin cites U.S.S.G. § 1B1.3(a) for what constitutes relevant conduct and argues that the district court failed to take the § 1B1.3(a) factors into account when refusing his request for a minor or minimal role reduction.

We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999)(en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939. The Sentencing Guidelines permit a court to decrease a defendant's offense level by four points if it finds that the defendant was a "minimal participant" in the criminal activity. U.S.S.G § 3B1.2(a). A defendant is a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment (n.4). The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if

it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment (n.5).

In determining whether a role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which []he has been held accountable at sentencing, and, second, h[is] role as compared to that of other participants in h[is] relevant conduct." De Varon, 175 F.3d at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating h[is] base offense level." Id. at 941. For a drug offense, the judge may not consider the "greater drug conspiracy," but only the conduct that determined the defendant's base offense level. Id. at 942. Furthermore, in the drug courier context, the amount of drugs involved "is a material consideration in assessing a defendant's role in h[is] relevant conduct." Id. at 943. In looking at the defendant's role in comparison to other participants, "the district court must determine that the defendant was less culpable than most other participants in h[is] relevant conduct" before granting a role reduction. Id. at 944.

6

In this case, under the first prong of the De Varon analysis, Marin's emphasis on his minor role in the greater drug conspiracy is irrelevant. See id. at 942 (the determination of a defendant's role in the case must be based on the relevant conduct charged). The only relevant facts are those surrounding the transport of at least 1,200 kilograms of cocaine found on the go-fast vessel. Marin's base offense level was calculated according to this one shipment of cocaine. It cannot be said that he played a minor role in the shipment of cocaine with which he was involved. In addition, the large amount of drugs involved further establishes that Marin did not have a minor role. De Varon, 175 F.3d at 943 (the "amount of drugs is a relevant factor and . . . under some circumstances it may be dispositive."). Under the second prong of De Varon, all of the other participants, other than the captain, were in the same position as Marin, riding on the go-fast vessel and transporting the drugs. Marin presented no evidence or argument as to why he was less culpable than the other go-fast crew members, beyond a bare assertion that he was less culpable. Marin thus failed to show that the district court clearly erred.

B. Unreasonable sentence

Marin argues that the 135-month sentence imposed by the district court is unreasonable because it failed to consider certain 18 U.S.C. § 3553(a) factors,

specifically his lack of a criminal history, and his family's health and educational and financial background, and merely applied a minimum guidelines sentence.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). Some factors listed in § 3553(a) include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed--to reflect the seriousness of the offense"; (3) "the need . . . to protect the public from further crimes of the defendant"; and (4) the sentencing range established by the sentencing guidelines. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C), (a) (4). District courts, however, do not need to establish the reasonableness of the imposed sentence by explicitly considering every § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). An explicit acknowledgment that the district court has considered a defendant's arguments and the factors set out in § 3553(a) is sufficient. Id. at 1330. In determining if the district court has adequately considered the defendant's arguments and the § 3553(a) factors, we may look to the district court's statements over the entire sentencing hearing. See United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam). Although a sentence within the Sentencing Guidelines range

8

is not per se reasonable, the Guidelines remain central to the sentencing process. United States v. Talley, 431 F.3d 784, 787 (11th Cir 2005) (per curiam). Therefore, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. at 788. The party challenging the sentence bears the burden of showing that it is unreasonable. Id.

At the sentencing hearing, Marin presented evidence regarding his impoverished background and his familial responsibilities. R2 at 10-16. The evidence showed that he was a Columbian indigenous Indian whose family lived in poverty, with no sewer system, drinkable water, hospitals, open roads, trails, or transportation. Id. at 11-15. He had served in the military, had no criminal record, and was the primary financial support for his seriously ill mother, his common law wife, and his seven children. Id. Following the presentation of the mitigation evidence and a statement by Marin, the district court addressed Marin stating that it understood his poverty and needs. Id. at 18. In addition, the court discussed the harm that cocaine causes to families and the need to protect the public, commenting that Marin was "bringing the cocaine for consumption in the United States to harm our families." Id. The court also specifically acknowledged taking into consideration the § 3553(a) factors. Id. at 20- 21. Thus, the district court's

9

deliberations reflect consideration of: (1) the history and characteristics of the defendant; (2) the need to protect the public; and (3) the sentencing guidelines. Because the imposition of Marin's sentence reflected consideration of several relevant § 3553(a) factors and the district court explicitly acknowledged utilizing the § 3553(a) factors, which is all that is required by <u>Scott</u>, the sentence it imposed was reasonable. See <u>Scott</u>, 426 F.3d at 1329-30.

### III. CONCLUSION

The district court did not clearly err in finding that Marin was not entitled to a minor or minimal role reduction because he was only held accountable for the drugs he transported, the amount of drugs was very large, and he produced no evidence that he was less culpable then most other people on the boat transporting the drugs. Moreover, the district court's sentence was reasonable as it considered the relevant factors under 18 U.S.C. § 3553(a).

**AFFIRMED.**